## CIRCUIT COURT OF LOUDOUN COUNTY

John D. Thomas, Jr.

v.

Basil Eastwood et al.

October 2, 1991

Case No. (Chancery) 12358

### By JUDGE THOMAS D. HORNE

This case came to be heard on the Amended Bill of Complaint and Cross-Bill of the defendants. John D. Thomas, Jr., seeks rescission and damages as to that certain assignment to the defendant dated February 11, 1985. The defendants seek cancellation of a deed to the property which is the subject of these proceedings dated February 1, 1989, a determination of the validity of the assignment of February 11, 1985, and damages.

Complainant predicates his action upon theories of unilateral mistake, actual and constructive fraud, and undue influence. Defendants deny these claims and seek affirmation of the assignment and cancellation of the deed by Round Hill to the complainants.

Four interrogatories were posited to a jury as issues in the case. These are reflected in the jury instructions prepared as issues out of chancery in the case. The findings of the jury were that:

1. The plaintiff did not enter into a contract to assign his reversionary interest to defendants.

2. The consideration for the contract was so grossly inadequate as to shock the conscience.

3. The defendants committed actual fraud in the procurement of the contract.

4. The plaintiff entered into the contract under a unilateral mistake, which was induced or encouraged by the defendants or was otherwise perceived by the defendants and taken advantage of by them.

These findings are advisory only. *See, Nelms v Nelms*, 236 Va. 281 (1988). Nevertheless, they are helpful to a determination of the case.

The Court finds that there is no evidence of undue influence in this case. Furthermore, this case is not governed by the decision of *Payne v. Simmons*, 232 Va. 379 (1986). In the instant case, there is no evidence that Mr. Thomas suffered from any mental impairment. To the contrary, his mind has been described as "sharp as a tack." While at times forgetful, he has demonstrated a good memory and complete grasp of his surroundings. However, the Court finds in this case that the complainant is entitled to rescission and cancellation of the assignment on the ground of constructive fraud.

The Court finds that the consideration for the assignment is such as to "shock the conscience." It has been said in such cases that:

> The doctrine is settled that in setting aside contracts on account of inadequacy of consideration, the ground is fraud arising from gross inequality . . . [s]uch inadequacy should be made out as would (to use an expressive phrase) shock the conscience and amount in itself to conclusive and decisive evidence of fraud . . . *[s]uch (bargains) as no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.* (Citations omitted.) *Texas Company v. Northrup*, 154 Va. 428, 444 (1930).

Thus, a Court of equity will seize upon the "slightest circumstances indicative of fraud, either actual or constructive" to justify rescission based upon inadequacy of price sufficient to shock the conscience." *Jackson v. Seymour*, 193 Va. 735, 741 (1952).

While counsel for the defendants have relied, in part, upon *Jackson* in support of their claim, the factors

relied upon to justify rescission in that case are strikingly similar to those in the case at hand.

In this case, there is gross inadequacy of consideration. Mr. LeRoy testified as to the value of the assignment in 1985 as $110,558.00. The stated consideration for the assignment was $3.00. A decision had been made by the Town some years prior to the assignment that the subject property was not suitable as a reservoir. Despite the express words of the assignment, the parties continued to refer to it as a right of first refusal. The parties had been friends for some time, and despite his mental acumen, the complainant had come to rely upon and trust the defendants. Looked at most favorably to the defendant, at best, there was a mutual mistake of the parties concerning the property's true value. There is no evidence that Mr. Thomas had any idea as to its true worth or that he would have been unconcerned with its true worth. *See, Jackson* at 741. Thus, while the owner of "Blackacre" can sell it for a peppercorn, and Courts will not merely set aside an unwise bargain, Courts may, nevertheless, consider the circumstances of the transaction to see if the "sale for a peppercorn" is tainted so as to be rendered invalid as a result of "unconscientious and iniquitous advantage." *McKinney v. Pinkard's Executor*, 29 Va. (2 Leigh) 147, 156 (1830).

Accordingly, the Court will grant the relief sought by the complainant and rescind and cancel the assignment executed by the complainant on February 11, 1985. The relief sought by the defendants will be denied. As the parties have stipulated damages in the case, the Court will award damages to the complainant in accordance with the stipulations against Mrs. Eastwood. The Motion to Strike the damage claims against the other defendants is granted. The Court will not award punitive damages in the case as it makes no finding of actual fraud as would justify such an award.